IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IMS HEALTH INCORPORATED; VERISPAN, LLC; and SOURCE HEALTHCARE ANALYTICS, INC., a Subsidiary of WOLTERS KLUWER, HEALTH INC., <br><br>　　　　　　Plaintiffs, <br><br>　　v. <br><br>WILLIAM H. SORRELL, as Attorney General of the State of Vermont, <br><br>　　　　　　Defendant. | FILED: JULY 29, 2008 <br> 08CV4283 <br> JUDGE CASTILLO <br> MAGISTRATE JUDGE MASON <br> TG <br><br><br> Misc. Action No. _____ |
| PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA, <br><br>　　　　　　Plaintiff, <br><br>　　v. <br><br>WILLIAM H. SORRELL, in his official capacity as Attorney General of the State of Vermont, JIM DOUGLAS, in his official capacity as Governor of the State of Vermont, and CYNTHIA D. LAWARE, in her official capacity as the Secretary of the Agency of Human Services of the State of Vermont, <br><br>　　　　　　Defendants. | Pending in the United States District Court for the District of Vermont <br><br> Case No. 1:07-cv-00188 |

## AGREED MOTION FOR ENTRY OF A PROTECTIVE ORDER

Non-party Abbott Laboratories along with IMS Health Incorporated, Verispan, LLC, Source Healthcare Analytics Pharmaceutical Research Manufacturers of America, and the State of Vermont by and through their attorneys hereby move for the entry of a protective order pursuant to Fed. R. Civ. P. 26(c). In support thereof, Abbott state as follows:

1.      Abbott is not a party to the above captioned action pending in the State of Vermont.

2.      However, in conjunction with that action, the State of Vermont has requested that Abbott produce documents that are confidential and propriety.  Because of the sensitivity of the information sought, it may cause unnecessary damage and injury to Abbott and to others, and therefore good cause exists to limit public disclosure of this information.  *Jepson, Inc. v. Makita Electric Works, Ltd.,* 30 F.3d 854 (7th Cir. 1994); *Citizens First Natl. Bank of Princeton v. Cincinnati Ins. Co.,* 178 F.3d 943 (7th Cir. 1999).

2.      Specifically, Abbott will be required to produce:

- Trade secret information, including but not limited to how its sales personnel are trained;

- Documents which are subject to confidentiality agreements with third parties including but not limited to correspondence and license agreements.

- Documents that will cause competitive harm to any party including documents disclosing market strategy and marketing positioning.

- Financial documents disclosing any parties budgets and budget process.

Because this information is considered valuable to all the parties and third parties and could cause significant competitive disadvantage if disclosed to the public at large, good cause exists to limit public disclosure of this information under Rule 26(c).

3.      The proposed Protective Order would govern the production of these documents, and would prohibit the use of confidential material falling within the aforementioned categories for any purpose other than litigation of this case.  The Order would further prohibit the

dissemination of such material and the information contained therein to parties outside this litigation, and require their return or destruction to the producing party and the conclusion of this litigation. Such an order would ensure the protection of such information consistent with the principles of federal law and protect against unfairness in the trial process.

4.      The proposed Protective Order is attached hereto as Exhibit A.

5.      The parties reserve the right to seek further provisions regarding confidentiality as may be appropriate.

WHEREFORE, for the foregoing reasons, and with the agreement of Defendants, Plaintiffs request that the Court enter the attached Protective Order.

Dated: July 29, 2008                    Respectfully submitted,

                                        ABBOTT LABORATORIES


                                        _____/s/ Stephanie McCallum_____
                                        One of its Attorneys

                                        James F. Hurst
                                        Stephanie McCallum
                                        WINSTON & STRAWN LLP
                                        35 West Wacker Drive
                                        Chicago, IL  60601
                                        (312) 558-5600
                                        (312) 558-5700 – fax
                                        jhurst@winston.com
                                        smccallum@winston.com

                                        Attorneys for Plaintiff Abbott Laboratories

**EXHIBIT A**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IMS HEALTH INCORPORATED; VERISPAN, LLC; and SOURCE HEALTHCARE ANALYTICS, INC., a Subsidiary of WOLTERS KLUWER, HEALTH INC., | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Misc. Action No. _____ |
| WILLIAM H. SORRELL, as Attorney General of the State of Vermont, | ) ) ) | Pending in the United States District Court for the District of Vermont |
| Defendant. | ) ) | Case No. 1:07-cv-00188 |
| PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA, | ) ) ) | **STIPULATED CONFIDENTIALITY AGREEMENT AND PROPOSED PROTECTIVE ORDER WITH** |
| Plaintiff, | ) ) ) | **RESPECT TO INFORMATION OR DOCUMENTS PRODUCED BY** |
| v. | ) ) | **NONPARTY ABBOTT LABORATORIES** |
| WILLIAM H. SORRELL, in his official capacity as Attorney General of the State of Vermont, JIM DOUGLAS, in his official capacity as Governor of the State of Vermont, and CYNTHIA D. LAWARE, in her official capacity as the Secretary of the Agency of Human Services of the State of Vermont, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

The discovery procedures in this case may require nonparty Abbott Laboratories

("Abbott") to disclose information, either documentary or testimonial or both, regarded by

Abbott as confidential and/or private information incorporating proprietary data, trade secrets,

other valuable or commercially sensitive information, and confidential and private information

concerning Abbott, the parties, witnesses, or other persons not party to this action.  Such

information may be used in connection with *IMS Health, Inc., et al. v. Sorrell, et al.*, No. 1:07-

cv-00188 (D. Vermont) (the "Vermont Litigation").  Accordingly, Abbott and the parties to this

action, by and through their respective attorneys, stipulate and agree to the following terms and

conditions in order to safeguard confidential information that may be, or has been, disclosed by

Abbott in the course of this action and the Vermont Litigation.

IT IS HEREBY ORDERED that Abbott and the parties shall follow the procedures set

forth below with respect to information, documents or things produced or otherwise disclosed by

Abbott during this litigation and the Vermont Litigation:

1.      <u>Definitions</u>:

        (a)     <u>Confidential Information</u>:  As used herein, "confidential information" shall mean

any information, documents, testimony or other things furnished by Abbott in the course of this

litigation regarded by Abbott as confidential and/or private information incorporating proprietary

data, trade secrets, other valuable or commercially sensitive information and confidential and

private information concerning Abbott, the parties, witnesses, or other persons not party to this

action, and/or commercially sensitive information designated as "CONFIDENTIAL" pursuant to

the procedures set forth below.  The term shall include information, documents, testimony or

other things obtained by any party via subpoena, deposition or other discovery.  The term

"documents" shall be broadly construed to include information that is recorded in any form,

including but not limited to hard copy, electronic stored information, and audio and video

recordings.  "Confidential information" does not include information that has been publicly

disclosed in a lawful manner and not in violation of any protective order or inadvertently

disclosed.

        (b)     <u>Attorneys' Eyes Only Information</u>:  Any confidential document or testimonial

information produced by Abbott which contains trade secrets or private, confidential or

commercially sensitive information with respect to Abbott, the parties, witnesses, or other

Stipulated Confidentiality Agreement
And [Proposed] Protective Order

persons not party to this action, may be designated in writing as "ATTORNEYS' EYES ONLY."
The term "trade secrets" as used herein means information that derives economic value, actual or
potential, from not being generally known to other persons who can obtain competitive
advantage or economic value from its disclosure or use. "Trade secrets" also means sensitive
financial information integral to Abbott's business operations for which Abbott has a
demonstrably compelling interest in avoiding disclosure. Designation of information as
"ATTORNEYS' EYES ONLY" means that the information is also designated as
CONFIDENTIAL, as defined in this Agreement.

2.    <u>Marking of Confidential Information and/or Attorneys' Eyes Only Information</u>:

(a)    <u>Marking</u>:  Documents, information, or tangible items shall be designated
CONFIDENTIAL and/or ATTORNEYS' EYES ONLY within the meaning of this Protective
Order in the following ways:

(1)    In the case of documents or tangible items and the information contained
therein that are produced by Abbott, designation shall be made by placing on each page
of the document, or on the tangible item with a clearly visible mark, the legend
CONFIDENTIAL and/or ATTORNEYS' EYES ONLY.

(2)    In producing original files and records for inspection, no marking need be
made by Abbott in advance of the inspection. For the purposes of the inspection, all
documents produced shall be considered as marked CONFIDENTIAL and
ATTORNEYS' EYES ONLY and inspected only by counsel, their staff and services
retained by counsel to photocopy or image documents or evidence, except as otherwise
limited herein. Thereafter, upon selection of specified documents for copying by the
inspecting party, Abbott shall mark as CONFIDENTIAL and/or ATTORNEYS' EYES

Stipulated Confidentiality Agreement
And [Proposed] Protective Order

ONLY the copies of such documents as may contain confidential information at the time the copies are produced to the inspecting party.

(b)    <u>Good Faith</u>:  Abbott agrees to designate information as CONFIDENTIAL or ATTORNEYS' EYES ONLY on a good faith basis and not for purposes of harassing the receiving party or parties or for purposes of unnecessarily restricting the receiving party's or parties' access to information concerning the lawsuit.

(c)    <u>Receipt of Designated Information</u>:  Except as permitted by further order of the court, or by subsequent written agreement, such designated documents or testimonial information shall be received by counsel of record for the party or parties upon the terms and conditions of this Protective Order.

(d)    <u>Documents to be Produced for Use at Trial</u>:   The parties agree that the State will only use redacted versions of any documents produced at trial unless they obtain Abbott's express written permission.

3.    <u>Right of Access to Designated Information</u>:

(a)    <u>CONFIDENTIAL Information</u>:  Disclosure of information designated as CONFIDENTIAL, including summaries thereof, shall be limited to the Court; the parties' counsel of record; associate attorneys and paralegal and clerical employees assisting any of these counsel; and to the following persons, who shall be required to first execute the requisite declaration as set forth in subsection 3(d) below:  (i) Defendants William H. Sorrell, Jim Douglas and Cynthia D. Laware; (ii) consultants or experts retained by the parties to consult or testify in the case; (iii) court reporters and videographers of sworn proceedings; (iv) services retained by counsel to photocopy or image or keypunch information from documents or evidence or to

Stipulated Confidentiality Agreement
And [Proposed] Protective Order

prepare charts, summaries, timelines, illustrations, or other demonstrative materials to be used in the litigation; (v) any person that a document, on its face, indicates has previously seen, or has been sent the designated information, such as authors, drafters, recipients and copyholders of the documents or information; and (vi) witnesses and prospective witnesses to the extent deemed necessary by counsel to prepare for or give testimony regarding facts at issue in this litigation, or to assist counsel in performing work in this litigation, but as to this category (vi), counsel must retain physical custody of the CONFIDENTIAL document or other tangible thing unless consent to release it is given by Abbott.  Disclosure of CONFIDENTIAL information to any expert or consultant or other service-provider assisting counsel shall be limited to that confidential information necessary for the consultation work or preparation to testify.  In no case shall CONFIDENTIAL information be disclosed to any person or entity who competes directly or indirectly with Abbott (a "competitor") or any labor organization, its representatives or agents, that represents or is engaged in organizing Abbott's employees (a "labor union").

     (b)    <u>ATTORNEYS' EYES ONLY Information</u>: Disclosure of information designated as ATTORNEYS' EYES ONLY, including summaries thereof, shall be limited to the Court; the parties' counsel of record; associate attorneys and paralegal and clerical employees assisting any of these counsel; and to the following persons, who shall be required to first execute the requisite declaration as set forth in subsection 3(d) below:  (1) court reporters and videographers of sworn proceedings in which the ATTORNEYS' EYES ONLY information is raised; (2) services retained by counsel to photocopy or image or keypunch information from documents or evidence or to prepare charts, summaries, timelines, illustrations, or other demonstrative materials to be used in the litigation; (3) experts or consultants (not including competitors or labor unions) retained by the parties; and (4) deponents as set forth in subsection 3(e) below.

     (c)    <u>Prohibition Against Disclosure to Unauthorized Persons</u>:  With respect to all documents, information, or tangible items produced or furnished by Abbott during this litigation

Stipulated Confidentiality Agreement
And [Proposed] Protective Order

which are designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, such information

shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise

communicated in any manner ("disclosed"), either directly or indirectly, to any person not

authorized to receive the information under the terms of this Protective Order.

CONFIDENTIAL and ATTORNEYS' EYES ONLY information received by any authorized

person shall be used only for purposes of this litigation and for no other purpose.

       (d)    <u>Requirement to Obtain a Written Declaration</u>:  Before disclosure of any

CONFIDENTIAL or ATTORNEYS' EYES ONLY information subject to this Protective Order

is made to anyone who is required to execute the requisite declaration as set forth in subsections

3(a) and (b) above, counsel for the party disclosing the information shall obtain a written

declaration, in the form attached hereto as Appendix A, from each person to whom disclosure is

to be made, acknowledging that any document, information or tangible item that has been

designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY is subject to this Protective

Order, that the person has read this Protective Order, that such person agrees to comply with and

be bound by this Protective Order, that such person is aware that contempt sanctions may be

entered for violation of this Protective Order, and that such person consents to the personal

jurisdiction of this Court.  The originals of all signed declarations shall be maintained by the

party who procures the signature throughout the duration of this litigation, including all appeals.

       (e)    <u>Use of Designated Information in Depositions</u>:  If, in the course of this action,

depositions are conducted which involve Abbott's CONFIDENTIAL or ATTORNEYS' EYES

ONLY information, counsel for Abbott must be notified at least five (5) days prior to the

deposition and afforded an opportunity to attend.  Abbott's CONFIDENTIAL or ATTORNEYS'

EYES ONLY information may be used during a deposition only if Abbott counsel is present or if

Abbott affirmatively waives representation at the deposition.  During the deposition, Abbott's

counsel may designate, on the record, the portion of the deposition which counsel believes may

contain CONFIDENTIAL or ATTORNEYS' EYES ONLY information. If designation of CONFIDENTIAL information is made, those portions of said depositions involving such CONFIDENTIAL information will be taken with no one present except (i) those persons who are authorized to have access to such CONFIDENTIAL information in accordance with this Protective Order, (ii) the reporter and videographer, if any, (iii) the deponent and deponent's counsel, if the deponent has separate legal counsel, and (iv) counsel for the parties and counsel for Abbott. If designation of ATTORNEYS' EYES ONLY information is made, those portions of said depositions involving such ATTORNEYS' EYES ONLY information will be taken with no one present except (i) those persons who are authorized to have access to such ATTORNEYS' EYES ONLY information in accordance with this Protective Order, (ii) the reporter and videographer, if any, (iii) the deponent and deponent's counsel, if the deponent has separate legal counsel, and (iv) counsel for the parties and counsel for Abbott. A witness, whose deposition is being taken, may see any document identified as CONFIDENTIAL or ATTORNEYS' EYES ONLY if the document is first handed to counsel for Abbott for inspection and either (i) Abbott's counsel has no objection to the witness seeing the document, or (ii) the document indicates on its face that the witness has previously seen or has been sent the document, or (iii) the witness is within the category of persons entitled to see this type of information, pursuant to the provisions described above in subsections 3(a) and (b), above. If Abbott's counsel objects, opposing counsel will have the option to: (i) request that the deponent sign a declaration containing the wording specified in Exhibit A to this Agreement, or (ii) recess the deposition so that the matter can be brought before the Court for determination. Abbott shall have until forty-five (45) days after the deposition is taken within which to inform the parties to the action of the portions of the transcript (by specific page and line reference) to be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY. Unless otherwise agreed by counsel, the right to make such designation shall be waived unless made within the forty-five (45)-day period. Prior to such designation, or expiration of the forty-five (45)-day period, the entire deposition transcript shall be deemed CONFIDENTIAL information. Transcripts of testimony,

Stipulated Confidentiality Agreement
And [Proposed] Protective Order

or portions thereof, or documents containing the CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall be filed only under seal as described below in section 7, until further order of the Court.

4.    <u>Inadvertent Production</u>:  If, through inadvertence, Abbott provides any confidential information pursuant to this litigation without marking the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY information, or provides any information subject to a claim of attorney-client privilege, attorney work product or other privilege or immunity, Abbott may, at any time but as soon as reasonably practical, inform the receiving party or parties of the CONFIDENTIAL or ATTORNEYS' EYES ONLY or privileged or immune nature of the disclosed information, and the receiving party or parties shall, as applicable, treat the disclosed information as CONFIDENTIAL or ATTORNEYS' EYES ONLY or privileged or immune information under this Protective Order, and shall destroy the original and all copies of assertedly privileged or immune documents (and destroy all summaries of same) within five (5) business days of receipt of written notice from Abbott.  The receiving party or parties shall provide Abbott with a certificate of destruction, such as the one attached hereto as Appendix B, within twenty-four (24) hours of destruction.  To the extent the receiving party or parties has or have already disclosed this information, the receiving party or parties shall promptly notify Abbott as to the specific recipients of such information and shall take all reasonable steps to remove such information from said recipients unless, with respect to CONFIDENTIAL and ATTORNEYS' EYES ONLY information, they are otherwise entitled to disclosure under this Protective Order.  Nothing in this section precludes the receiving party from challenging the designation of a document, as set forth in section 9, below.

If a party or counsel for a party receives a document or other information that appears on its face to be inadvertently produced and subject to a claim of privilege, counsel for the receiving party will inform counsel for Abbott promptly after becoming aware of the disclosure.

Stipulated Confidentiality Agreement
And [Proposed] Protective Order

\\DC - 062376/000026 - 2714944 v1

5.      <u>Disclosure Contrary to this Agreement</u>:  If CONFIDENTIAL or ATTORNEYS' EYES ONLY information is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for Abbott and, without prejudice to any other rights and remedies, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

6.      <u>Disclosure Must Conform to this Agreement and Future Court Orders</u>:  Unless modified by any future order issued by this Court, no person or party shall directly or indirectly utilize or disclose any CONFIDENTIAL or ATTORNEYS' EYES ONLY information obtained pursuant to pretrial discovery in this action, except for the purpose of this action and any appeals and retrials thereof, and such utilization or disclosure must be in compliance with this Agreement.

7.    Instructions for Filing CONFIDENTIAL or ATTORNEYS' EYES ONLY Information Under Seal:  Any document, pleading, or tangible item which contains CONFIDENTIAL or ATTORNEYS' EYES ONLY information, if filed or submitted to the Court, shall be so marked and shall be filed separately under seal with the Clerk of the Court consistent with the Court's filing procedures.  Further, before any document or other information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY is filed with the Court in the Vermont Litigation, the Parties to that Litigation shall make reasonable efforts to ensure that the material is protected from public disclosure, including filing the document under seal.

8.    Notice to Third Parties:  The parties and their attorneys shall inform all witnesses, consultants, employees, agents, court reporters, or anyone else who may from time to time have access to any CONFIDENTIAL or ATTORNEYS' EYES ONLY information of the substance of this Order.

9.    Acceptance of A Designated or Non-Designated Document Does Not Constitute Agreement with Its Designation or Non-Designation:  Acceptance or receipt by a party or parties of any information, document, or thing designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, or with no designation, shall not constitute a concession that the information, document or thing is properly so designated or not designated.  Any party may contest a designation that a document is CONFIDENTIAL or ATTORNEYS' EYES ONLY information (or a non-designation) at any time.  If the receiving party or parties disagree with the designation or non-designation, and marking by Abbott of any material as CONFIDENTIAL or ATTORNEYS' EYES ONLY, then Abbott and the objecting party or parties shall first try to resolve such disputes on an informal basis.  The receiving party or parties may, at any time, send to Abbott a writing identifying the documents which they believe to be improperly designated, and a brief discussion of the rationale for such belief.  This writing will constitute the beginning of any meet-and-confer process required before formal motion.  Abbott shall then respond to

Stipulated Confidentiality Agreement
And [Proposed] Protective Order

such writing no later than five (5) business days from receipt, which shall also be construed as part of the meet-and-confer process ("Response"). In the event that the number of documents at issue or any other factor causes Abbott to believe that more than 5 business days will be required to respond, an extension of time may be agreed upon in writing by all parties involved in the dispute. In the event that the good faith attempt to resolve differences as to designations is unsuccessful, the receiving party may present such dispute to the Court by motion or otherwise. Such a request for judicial relief must be served and filed within ten (10) business days of the end of the meet-and-confer process. The end of the meet-and-confer process may be determined by mutual agreement, or unilaterally in writing by either party after the Response is received. However, if either party elects to unilaterally end the meet and confer process in writing, such written notification will be sent to one designated lawyer for Abbott and for each party via email with a copy posted to the regular mail on the same date as the email. Notwithstanding the designation or non-designation of any material as CONFIDENTIAL or ATTORNEYS' EYES ONLY, Abbott reserves its right to seek relief regarding material that it believes was illegally obtained from some source other than Abbott's voluntary production, including but not limited to the return of the material and/or damages for misappropriation or unauthorized use.

10.    <u>Other Objections Preserved</u>: This Protective Order shall be without prejudice to Abbott's right to oppose production of any information on grounds other than confidentiality.

11.    <u>Right to Seek or Agree to Other Orders</u>: This Protective Order shall not prevent Abbott or the parties from applying to the Court for relief herefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modify or vacate this Protective Order, subject to the approval of the Court.

12.    <u>Destruction and Return of Designated Information and Continued Agreement to Confidentiality</u>: At the conclusion of this action, including any appeals, all CONFIDENTIAL

Stipulated Confidentiality Agreement
And [Proposed] Protective Order

information and all ATTORNEYS' EYES ONLY information furnished pursuant to this Protective Order, and all copies thereof, shall be destroyed by counsel for the receiving party or parties.  Within twenty-four (24) hours of destruction, the receiving party shall provide Abbott with a certificate of destruction, such as the one attached hereto as Appendix B.  Counsel for the receiving party or parties is entitled to keep copies of materials that have been filed with the Court in this action, materials that are part of the public record and correspondence used in this litigation, in a secure storage area subject to the terms of this agreement.  The provisions of this Protective Order insofar as it restricts the disclosure, communication of, and use of, CONFIDENTIAL and ATTORNEYS' EYES ONLY information produced hereunder shall continue to be binding after the conclusion of this action.

13.     Violation:  Any party to this action may file a motion requesting that the Court sanction or hold in contempt of Court anyone who violates the terms of this Order.


        SO STIPULATED.


DATED:  July 28, 2008            By:____/s/ Stephanie McCallum_____

                                 James F. Hurst
                                 Stephanie S. McCallum
                                 Winston & Strawn LLP
                                 35 West Wacker Drive
                                 Chicago, Illinois 60601
                                 312-558-5600
                                 jhurst@winston.com
                                 smccallum@winston.com

                                 Attorneys for Non-Party Abbott Laboratories

Stipulated Confidentiality Agreement
And [Proposed] Protective Order

\\DC - 062376/000026 - 2714944 v1

DATED:  July 28, 2008

By: _____ /s/ Patricia Acosta _____

       Tom Julin
       Patricia Acosta
       Hunton & Williams LLP
       1111 Brickell Avenue, Suite 2500
       Miami, Florida  33131
       (305) 536-2740 Phone
       (305) 810-2460 Fax
       pacosta@hunton.com

Attorneys for Plaintiff IMS HEALTH INCORPORATED;
VERISPAN, LLC; SOURCE HEALTHCARE
ANALYTICS, INC

DATED:  July 28, 2008

By: _____ /s/ Laura Riposo VanDruff _____

Jeffrey Handwerker
Laura Riposo VanDruff
Arnold & Porter LLP
555 Twelfth Street, NW
Washington, DC  20004-1206
1 202.942.6312
Laura_Riposo_VanDruff@aporter.com

Attorneys for Plaintiff PHARMACEUTICAL
RESEARCH AND MANUFACTURERS OF AMERICA

Stipulated Confidentiality Agreement
And [Proposed] Protective Order

DATED:  July 28, 2008

By::_____/s/ Michael N. Donofrio_____

Michael N. Donofrio
Assistant Attorney General
Vermont Attorney General's Office
109 State Street
Montpelier, VT 05609
(802) 828-6906 fax 1500
mdonofrio@atg.state.vt.us

Attorney for Defendants William H. Sorrell, Jim Douglas,
Cynthia D. LaWare

IT IS SO ORDERED.

Dated:  _____, 2008        _____

United States District Court for the Northern District of
Illinois

-14-

Stipulated Confidentiality Agreement
And [Proposed] Protective Order

1

**APPENDIX A**

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

3

| | |
|---|---|
| IMS HEALTH INCORPORATED; VERISPAN, LLC; and SOURCE HEALTHCARE ANALYTICS, INC., a Subsidiary of WOLTERS KLUWER, HEALTH INC., | ) ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| WILLIAM H. SORRELL, as Attorney General of the State of Vermont, | ) ) ) ) ) |
| Defendant. | ) ) |
| PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| WILLIAM H. SORRELL, in his official capacity as Attorney General of the State of Vermont, JIM DOUGLAS, in his official capacity as Governor of the State of Vermont, and CYNTHIA D. LAWARE, in her official capacity as the Secretary of the Agency of Human Services of the State of Vermont, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Pending in the United States District Court for the District of Vermont

Case No. 1:07-cv-00188

**STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER WITH RESPECT TO INFORMATION OR DOCUMENTS PRODUCED BY NONPARTY ABBOTT LABORATORIES**

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

**DECLARATION OF**

22

_____

23

24         1.      My name is _____.  I have personal knowledge of the

25    facts set forth in this Declaration, and if called and sworn as a witness, I would testify

26    competently to those facts.

27

28         2.      I live at _____.

1          3.       I am employed as (state position): _____.

2

3          4.       The full name and address of my employer is:

4    _____

5    _____

6    _____

7

8          5.       I am aware that the Stipulated Confidentiality Agreement and Protective

9    Order ("Protective Order") has been entered relating to the consolidated case of *IMS Health*

10   *Incorporated et al. v. William H. Sorrell, as Attorney General of the State of Vermont* and

11   *Pharmaceutical Research and Manufacturers of America v. William H. Sorrell, as Attorney*

12   *General of the State of Vermont et al.* (Case No. 1:07-cv-00188) (D. Vt)*,* in the United States

13   District Court for the Northern District of Illinois.  A copy of that Protective Order has been given

14   to me.  I have carefully reviewed its terms and conditions.

15

16         6.       I agree that documents, information, and tangible items designated as

17   CONFIDENTIAL and ATTORNEYS' EYES ONLY shall be subject to the terms of the

18   Protective Order, and agree to comply with and be bound by the terms of the Protective Order.

19

20         7.       Without limiting the foregoing, I agree that I will not disclose or discuss

21   any material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY with any persons

22   other than counsel for Abbott and counsel for the parties, paralegal and clerical personnel

23   assisting such counsel, and other persons permitted access to such material under the Protective

24   Order and who, pursuant to the provisions of the Protective Order, have signed declarations under

25   penalty of perjury undertaking to preserve the confidentiality of such material.

26

27

28

                                        -2-        Stipulated Confidentiality Agreement
                                                   And Agreed [Proposed] Protective Order

1        8.      I agree to use any material designated CONFIDENTIAL or ATTORNEYS'

2   EYES ONLY solely in connection with participation in this action and for no other purpose.

3

4        9.      I understand that any use of CONFIDENTIAL and ATTORNEYS' EYES

5   ONLY material, or any portion or summaries thereof, or any information obtained therefrom, in

6   any manner contrary to the provisions of the Protective Order shall subject me to contempt

7   sanctions of the Court.

8

9        10.     I consent to the exercise of personal jurisdiction over me by the Court.

10

11       I declare under penalty of perjury under the laws of the State of _____ and

12   United States of America that the foregoing declaration is true and correct.

13

14       Executed this _____ day of _____, 200__, at _____, _____.

15

16                                          _____
                                            Signature

17

18

19

20

21

22

23

24

25

26

27

28

Stipulated Confidentiality Agreement
                                        And Agreed [Proposed] Protective Order

\\\DC - 062376/000026 - 2714944 v1

1

**APPENDIX B**

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

3

| | |
|---|---|
| IMS HEALTH INCORPORATED; VERISPAN, LLC; and SOURCE HEALTHCARE ANALYTICS, INC., a Subsidiary of WOLTERS KLUWER, HEALTH INC., | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| WILLIAM H. SORRELL, as Attorney General of the State of Vermont, | ) ) ) |
| Defendant. | ) ) |

4

5

6

Plaintiffs,

7

v.

8

9           Pending in the United States District Court for the District of Vermont

10          Case No. 1:07-cv-00188

11          **STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER WITH RESPECT TO INFORMATION OR DOCUMENTS PRODUCED BY NONPARTY ABBOTT LABORATORIES**

PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA,

12

13

Plaintiff,

14

v.

15
16
17
18

WILLIAM H. SORRELL, in his official capacity as Attorney General of the State of Vermont, JIM DOUGLAS, in his official capacity as Governor of the State of Vermont, and CYNTHIA D. LAWARE, in her official capacity as the Secretary of the Agency of Human Services of the State of Vermont,

19

Defendants.

20

**CERTIFICATION OF DESTRUCTION**

21

22          Pursuant to the Stipulated Confidentiality Agreement and Protective Order

23   Regarding Confidentiality of Information and Documents ("Protective Order"), [name of the

24   receiving party], by and through its/their undersigned counsel, hereby certifies/certify that it/they

25   have destroyed [all "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" documents and

26   other material OR all inadvertently produced documents or other material] produced by Abbott.

27

28

-4-

Stipulated Confidentiality Agreement
And Agreed [Proposed] Protective Order

1    This Certification affirms that the receiving party has not retained any copies,

2  abstracts, compilations, summaries, or other forms of reproducing or capturing any of the

3  ["CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" documents or other material OR

4  inadvertently produced documents or other material] except to the extent its/their undersigned

5  counsel has retained any archival copies of pleadings and correspondence in compliance with

6  Paragraph 12 of the Stipulated Confidentiality Agreement and Protective Order Regarding

7  Confidentiality of Information and Documents.

8

9

10

11  Dated:_____                By:_____

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-5-                Stipulated Confidentiality Agreement
And Agreed [Proposed] Protective Order